IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD MURRELL, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>COOPER TIRE & RUBBER CORP., a Delaware corp.,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO HOLD LISA PASBJERG IN CONTEMPT AND FINDING PASBJERG IN CONTEMPT<br><br><br>Case No. 2:05-CV-252 TS |

Plaintiff moved for an order holding Lisa Pasbjerg in Contempt for the failure to comply with the Court's August 3, 2006 Order Granting Motion to Compel Return of Confidential Documents (Order Compelling Return).[1]  The Motion to Compel ordered Pasbjerg to comply with an earlier Protective Order of Confidentiality[2] by returning to Plaintiff's counsel all confidential materials and signing and returning a certification that she had so complied.  Defendant filed a notice that it had no objection.

---

[1] Docket No. 52.

[2] Docket No. 18.

On September 8, 2006, the Court issued an Order to Show Cause directing Pasbjerg to file a response by September 18, 2006 and show cause as to why she should not be held in contempt for failure to comply with the Court's Order Compelling Return. Pasbjerg has not responded.

> In a civil contempt context, a plaintiff must prove liability by clear and convincing evidence. This means the [plaintiff] "has the burden of proving, by clear and convincing evidence, (1) that a valid court order existed, (2) that the defendant[s] had knowledge of the order, and (3) that the defendant[s] disobeyed the order."[3]

"The contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."[4]

The Court makes the following findings by clear and convincing evidence. The Court's Order Compelling Return is a valid court order. Pasbjerg was personally served with a copy of the Order Compelling Return.[5] The Order Compelling Return warned Pasbjerg that the failure to comply may subject her to being held in contempt. Pasbjerg had knowledge of the Order Compelling Return as a result of the personal service. Pasbjerg has not returned any of the required documents as required by the Order Compelling Return.[6] Pasbjerg's failure to return the documents is a failure to comply with

---

[3] *F.T.C. v. Kuykendall,* 371 F.3d 745, 756-57 (10th Cir. 2004) (quoting *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)).

[4] *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. P'ship.,* 95 F.Supp.2d 1252, 1256 (D. Utah 2000) (citation and footnote omitted).

[5] Docket No. 52, Ex. D (Davis Aff. Re: personal service on Pasbjerg); *see also* Docket No. 50 (certificate of service of Order Compelling Return on Pasbjerg).

[6] Docket No. 51, ¶ 8.

the Order Compelling Return.   Pasbjerg is in contempt for the willful failure to return the documents as required by the Order.

Based upon the foregoing, it is therefore

ORDERED that Plaintiff's Motion to Hold Lisa Pasbjerg in Contempt (Docket No. 52) is GRANTED.  It is further

ORDERED, ADJUDGED, AND DECREED that Lisa Pasbjerg is in contempt for the failure to comply with the Court's August 3, 2006 Order Granting Motion to Compel Return of Confidential Documents.  It is further

ORDERED that

    A.    Ms. Pasbjerg shall appear for deposition by counsel for Cooper Tire & Rubber Company ("Cooper") within 30 days of the entry of this Order to answer questions regarding any and all Cooper confidential material she obtained in this lawsuit;

    B.    At or before her deposition, Ms. Pasbjerg shall provide to Cooper's counsel an accounting of all Cooper confidential material that she received in this lawsuit, including the current location of such documents and any persons with whom she has disseminated such documents;

    C.    At or before her deposition, Ms. Pasbjerg shall return to Cooper all of Cooper's confidential material obtained in this lawsuit, including all hard copies, compact discs, and any summary or portion thereof; and

D.     At or before her deposition, Ms. Pasbjerg shall produce to Cooper's counsel any and all written records, documents, and computer records regarding any portions of Cooper's confidential material for the purposes of determining the current location, possession and status of such confidential material and to determine whether or not the material has been disseminated in further violation of the terms of this Court's Protective Order of Confidentiality.

DATED  September 19, 2006.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge