_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| EDWARD MURRELL, an individual, | MEMORANDUM DECISION AND ORDER FINDING LISA PASBJERG IN CONTINUING CONTEMPT; GRANTING COOPER'S MOTION FOR CONTEMPT SANCTIONS; AND IMPOSING SANCTIONS INCLUDING APPEARANCE FOR CIVIL COMMITMENT |
| Plaintiff, | |
| v. | |
| COOPER TIRE & RUBBER COMPANY, a Delaware corporation, | |
| Defendant. | Case No. 2:05-CV-252 TS |
| | Judge Ted Stewart |

_____

This matter came before the Court on Defendant Cooper Tire & Rubber Company's (Cooper) Motion for Contempt Sanctions against Lisa Pasbjerg (Pasbjerg).

I.  FACTUAL AND PROCEDURAL BACKGROUND

In its September 19, 2006 Memorandum Decision and Order Granting Plaintiff's Motion to Hold Lisa Pasbjerg in Contempt and Finding Pasbjerg in Contempt (Contempt Order), the Court set forth its findings regarding Pasbjerg's contempt. Generally, that Contempt Order found Pasbjerg in contempt for the failure to comply with the court's Orders, including the August 15, 2005 Protective Order of Confidentiality, pursuant to

1

which Cooper produced confidential material to Plaintiff.  The Promise of Confidentiality signed by Pasbjerg required her to, among other things, return all confidential documents to Plaintiff's counsel within twenty days after the final termination of the case and to sign a certification confirming that all confidential documents had been returned.  Pursuant to the Promise of Confidentiality, Pasbjerg also consented to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality.[1]

Plaintiff and Defendant reached a settlement in April of 2006.  Thereafter, Cooper diligently sought the return of its confidential materials provided to Pasbjerg.  Pasbjerg did not return the documents.  On August 3, 2006, the Court entered an Order Granting Motion to Compel Return of Confidential Documents.  On September 8, 2006, the Court issued an Order to Show Cause why Pasbjerg should not be held in contempt for the failure to comply with the Court's Order Granting Motion to Compel Return of Confidential Documents.  Pasbjerg did not respond.  The Contempt Order resulted from Pasbjerg failure to comply with this Court's prior orders that she return the confidential materials.

The Contempt Order required Pasbjerg to appear for deposition by counsel for Cooper within thirty days of the entry of the Contempt Order to answer questions regarding any and all Cooper confidential material she obtained in this case.  The Contempt Order also required Pasbjerg to provide to Cooper's counsel an accounting of all of Cooper's confidential material that she received in this lawsuit, including the current location of such

---

[1]Cooper's Ex. A (Protective Order of Confidentiality).

documents and any persons to whom she has disseminated such documents; and required her to return to Cooper all of Cooper's confidential material obtained in this lawsuit, including all hard copies, compact discs, and any summary or portion thereof.  Finally, this Court's Contempt Order required Ms. Pasbjerg to provide, at or before her deposition, any and all written records, documents, and computer records regarding any portions of Cooper's confidential material for the purposes of determining the current location, possession, and status of such confidential material and to determine whether the material has been disseminated in further violation of the terms of this Court's Protective Order of Confidentiality.

Pursuant to the Contempt Order, on October 2, 2006, Cooper issued and personally served a Subpoena Duces Tecum on Pasbjerg.  The deposition was scheduled for October 17, 2006.[2]   A copy of this Court's Contempt Order was included with the Subpoena personally served on Pasbjerg on October 2, 2006.[3]

On October 17, 2006, Cooper's counsel appeared at Pasbjerg's noticed deposition in Ocala, Florida, but Pasbjerg failed to appear for her deposition.  Afterwards, Cooper filed the present Motion for Contempt Sanctions as a result of Pasbjerg's failure to comply with the Contempt Order.

---

[2]Cooper's Ex. E.  The Subpoena was issued by the United States District Court, Middle District of Florida.  *Id*.

[3]Cooper's Ex. F.

## II.  CONTEMPT FINDINGS

As this Court noted in its previous Contempt Order:

In a civil contempt context, a plaintiff must prove liability by clear and convincing evidence.  This means the [plaintiff] "has the burden of proving, by clear and convincing evidence, (1) that a valid court order existed, (2) that the defendant[s] had knowledge of the order, and (3) that the defendant[s] disobeyed the order."[4]

"The contemnor's disobedience need not be 'willful' to constitute civil contempt. Indeed, a district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered."[5]

The Court makes the following findings by clear and convincing evidence.  The Court's Contempt Order is a valid Court order.  Pasbjerg was personally served with copy of the Contempt Order on October 2, 2006.  Pasbjerg was served with the present Motion for Contempt Sanctions via first class mail, but has failed to respond.  Pasbjerg has failed to comply with the Contempt Order in any respect.  Pasbjerg is in contempt of this Court's Contempt Order and is in continuing contempt of its Order of Confidentiality and Order Granting Motion to Compel Return of Confidential Documents.  The Court finds that Pasberg's continuing failure to obey these orders of this Court is willful.

---

[4] *F.T.C. v. Kuykendall,* 371 F.3d 745, 756-57 (10th Cir. 2004) (quoting *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)).

[5] *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. P'ship.,* 95 F.Supp.2d 1252, 1256 (D. Utah 2000) (citation and footnote omitted).

As a result of Pasbjerg's failure to comply with the Contempt Order, Cooper has incurred $11,401.40 in attorney fees.[6]  The Court finds that these amounts were reasonable and that the hourly rates for the attorneys involved were reasonable and reflect the customary rates in the areas where the attorneys practice.  In addition, Cooper has incurred actual costs in the amount of $1,312.79.  The Court finds that these costs were reasonable.  The Court finds that an award of attorneys fees and costs in the total amount of $12,714.19, is necessary to compensate Cooper, in part, for damages it has sustained as a direct result of Pasbjerg's continuing contempt.

Cooper requests relief regarding Pasbjerg's possible past or future involvement in other court cases involving Cooper.  The Court finds that such relief is more appropriately sought in those cases.

Cooper seeks issuance of warrants to seize Pasbjerg's personal computer and personal email accounts and issuance of a warrant for her arrest and detention until she complies.[7]  In its Memorandum, Cooper seeks an order requiring Pasbjerg to present herself for a term of civil commitment,[8] and in its Motion and Proposed Order Cooper also

---

[6]*See* Cooper's Exs. H (Aff. of attorney T. Vancil) and I (Aff. of attorney M. Miller).

[7]Cooper's Mem. at 10-11 (seeking sanctions set forth in Motion, including arrest warrant).

[8]Cooper's Mem. at 10-11 (seeking order that she present herself for a term of civil commitment if she does not comply with this order and also seeking relief set forth in proposed order).

seeks issuance of a warrant for her arrest.[9] The authority cited by Cooper in support of the requests for warrants consists of a case where the contemnor was ordered to appear before the Court for surrender to the United States Marshall for a term of civil commitment[10] and a case where the contemnor's conduct was referred to the United States Attorney's office in that district for possible prosecution for criminal contempt of court.[11] The Court finds that the appropriate relief in this civil contempt proceeding is for the contemnor to present herself for civil commitment.

Having found by clear and convincing evidence that Pasbjerg's contempt is willful and continuing, the Court will order her to appear for a term of civil commitment until she purges herself of contempt by compliance with the Contempt Order.

### III. ORDER

Based on Pasbjerg's repeated and willful contempt, it is

ORDERED that Cooper's Motion for Contempt Sanctions (Docket No. 57) is GRANTED. It is further

---

[9] *See* Cooper's Motion, at 5 ¶ 11 and Ex. K (proposed order seeking arrest warrant and warrant to seize her personal computer).

[10] *A.V. by Versace, Inc., v. Gianni Versace*, 2004 WL 691243 *9 (S.D. N.Y. March 31, 2004); *See also* Cooper's Ex. C, *Moore-Coleman v. Cooper Tire & Rubber Co.*, No. 203-050 (S.D. Ga. filed October 27, 2006) (finding Pasbjerg in contempt and providing arrest warrant may issue if she does not purge herself of contempt).

[11] *A.V. by Versace, Inc. v. Gianni Versace*, 446 Fupp.2d 252, 276-77 (S.D. N.Y. 2006).

ORDERED that Cooper is awarded attorney fees and costs in the amount of $12,714.19.  It is further

ORDERED that with thirty days of the entry of this Order, Pasbjerg shall pay Cooper the award of attorneys fees and costs in the total amount of $12,714.19.  It is further

ORDERED, that no later than February 16, 2007, Pasbjerg shall comply in full with this Court's Contempt Order.  Pasbjerg shall file a certification of such compliance within two working days of such compliance.  It is further

ORDERED that if Pasbjerg has not fully complied with this Court's Contempt Order, by the above-date, **PASBJERG SHALL APPEAR BEFORE THIS COURT ON FEBRUARY 23, 2007 AT 2:00 P.M. TO SURRENDER TO THE UNITED STATES MARSHALL FOR A TERM OF CIVIL COMMITMENT**.  She will remain imprisoned until she has complied with the requirements of this Court's September 19, 2006 Contempt Order and thereby purges her contempt.  It is further

ORDERED that Cooper shall immediately make personal service of a copy of this Order on Pasbjerg and file a certificate of service.

DATED January 26th, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

United States District Court
for the
District of Utah
January 26, 2007

******MAILING CERTIFICATE OF THE CLERK******

RE:   Murrell v. Cooper Tire Rubber
      2:05-CV-252 TS

I hereby certify that the "Memorandum Decision and Order Finding Lisa Pasbjerg in Continuing Contempt; Granting Cooper's Motion for Contempt Sanctions; and Imposing Sanctions Including Appearance for Civil Commitment" Issued on 1/26/07 was mailed via certified mail/return receipt requested to the following on 1/26/07:

Lisa M. Pasbjerg
7670 SE 110TH ST RD
BELLEVIEW, FL 34420

Lisa M. Pasbjerg
14118 SE 44TH COURT
SUMMERFIELD, FL 34491

Lisa M. Pasbjerg
PO BOX 96
BELLEVIEW, FL 34421

/s/Krysta Arner
Krysta Arner, Deputy Clerk