IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD MURRELL, an individual,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br><br><br>        vs.<br><br><br>COOPER TIRE & RUBBER COMPANY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PASBJERG'S MOTION FOR AN ORDER PURGING CONTEMPT AND DENYING PASBJERG'S MOTION TO RESCIND PORTION OF CONTEMPT ORDER REQUIRING PAYMENT OF COOPER'S ATTORNEY FEES<br><br><br><br><br><br>Case No. 2:05-CV-252 TS |

"In civil contempt proceedings, the contemnor is able to purge the contempt . . . by committing an affirmative act."[1]  Alleging that she is now in compliance with this Court's Orders finding her in contempt, Lisa Pasbjerg, a nonparty paralegal who worked on behalf of Plaintiffs, seeks an order purging her contempt and vacating the compensatory contempt sanction.  The Court finds that Pasbjerg has substantially complied with the

---

[1] *In re Lucre Mgmt. Group, LLC*, 365 F.3d 874, (10th Cir. 2004) (quoting *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994)).

Court's Orders and has purged her contempt but finds no basis for vacating the previously awarded contempt sanctions.

These contempt proceedings began with Defendant Cooper Tire's attempt to recover from Pasjberg its materials (Murrell materials) provided to her under an Order of Confidentiality.[2]  On September 19, 2006,[3] the Court found Pasbjerg in contempt for her failure to comply with the Court's Order Compelling Return[4] of Cooper Tire's documents. The Court also ordered Pasbjerg to take four specific actions within thirty days in order to purge the contempt.[5]

On February 26, 2007, the Court found Pasbjerg in continuing contempt for the failure to comply with the prior Orders, imposed a compensatory sanction in favor of Cooper Tire in the form of an award of attorney fees and costs, and ordered that Pasbjerg comply in full with the September 19, 2007 Order by a date certain or appear to surrender to the United States Marshall for a Term of Civil Commitment.[6]

Pasbjerg responded with a Certificate of Compliance[7] and the present Motion[8] seeking to purge her contempt and to vacate the prior sanction.   Cooper Tire

---

[2]Docket No. 18.

[3]Docket No. 55 (First Contempt Order).

[4]Docket No. 52.

[5]First Contempt Order, at 3-4, ¶¶ A-D.

[6]Docket No. 60 (Second Contempt Order).

[7]Docket No. 61.

[8]Docket No. 63.

acknowledged some compliance—Pasbjerg's appearance at a deposition—but argued there was not full compliance and sought additional time to verify compliance. Because there was some compliance, the Court vacated its previous order requiring Pasbjerg to surrender for a term of civil commitment, and ordered the parties to submit status reports and appear at a status conference.[9]

The parties filed status reports and the Court vacated the status conference to rule upon the submissions. The parties then filed further materials relating to the contempt order and further status reports.[10]

Having reviewed the entire record, the Court makes the following findings regarding compliance. In the First Contempt Order the Court ordered Pasbjerg to take the following four specific actions to purge her contempt:

A.  Ms. Pasbjerg shall appear for deposition by counsel for Cooper Tire & Rubber Company ("Cooper") within 30 days of the entry of this Order to answer questions regarding any and all Cooper confidential material she obtained in this lawsuit;

B.  At or before her deposition, Ms. Pasbjerg shall provide to Cooper's counsel an accounting of all Cooper confidential material that she received in this lawsuit, including the current location of such documents and any persons with whom she has disseminated such documents;

C.  At or before her deposition, Ms. Pasbjerg shall return to Cooper all of Cooper's confidential material obtained in this lawsuit, including all hard copies, compact discs, and any summary or portion thereof; and

---

[9]Docket No. 64 (February 22, 2007 Order Vacating Appearance for Civil Commitment; Requiring Notice fo Current Address and Phone Number; and Setting Status Conference).

[10]Docket Nos. 76, 77, and 78.

D.   At or before her deposition, Ms. Pasbjerg shall produce to Cooper's counsel any and all written records, documents, and computer records regarding any portions of Cooper's confidential material for the purposes of determining the current location, possession and status of such confidential material and to determine whether or not the material has been disseminated in further violation of the terms of this Court's Protective Order of Confidentiality.[11]

Contrary to Cooper Tire's representation, this Court did not order that Pasbjerg turn over her personal computers or email accounts for inspection.[12]   By granting Cooper Tire's Motion for Contempt Sanctions, the Court did not grant all of the rather overreaching forms of sanctions[13] sought by Cooper Tire, but instead expressly stated and imposed only those specific sanctions that the Court found appropriate.[14]   The sanctions imposed were the award of compensatory attorney fees to be paid in thirty days, an order that Pasbjerg comply with prior orders and file a certification of compliance; and if not, that she appear and surrender for a term of civil commitment.[15]

---

[11]First Contempt Order, at 3-4.

[12]Docket No. 73, Cooper Tire's Status Report, at 4.

[13]See Docket No. 57 (Motion requesting sanctions in form of warrant to seize Pasbjerg's personal computers and email accounts; relief based upon Pasbjerg's activity in other lawsuits in other jurisdictions; prior restraints against her working with any Cooper Tire's confidential materials in any pending or future lawsuit anywhere in the United States; compelling Pasbjerg to appear for a deposition in Salt Lake City, Utah; and a $1,000 a day fine).

[14]For this reason, the Court did not adopt Cooper Tire's proposed order.  See Docket No. 58, Ex. K

[15]Second Contempt Order, at 7.

Cooper Tire does not dispute that Pasbjerg has appeared at a deposition and answered questions as required by this Court's Orders,[16] but argues there is no compliance because her answers were evasive and untruthful.

However, Cooper Tire does not cite to an evasion or untruth in her deposition testimony regarding the Contempt Orders and the confidential Murrell materials.  Instead, Cooper Tire's deposition cites involve matters not covered by the First or Second Contempt orders such as when Pasbjerg last worked as a paralegal,[17] the duration of the company she operated,[18] whether she was then working on any Cooper cases,[19] what she told her clients when she wound up her company's business,[20] and whether she then had any plans to ever work as a paralegal on any future Cooper cases.[21]

Cooper Tire has not shown to be false Pasbjerg's statements in her deposition and filings that she (1) has returned all Murrell confidential information in her possession; (2) retains no copies of any Murrell confidential materials; (3) accounted for all of the Cooper tire materials she had ever received in this case; and (4) has not disseminated any Murrell information further.  Although Cooper Tire submits evidence that Pasbjerg continues to

---

[16]Docket No. 77, Ex. A (Trans. of February 12, 2007 Pasbjerg deposition).

[17]*Id*. at 17.

[18]*Id. at* 26.

[19]*Id. at* 70.

[20]*Id. at* 71.

[21]*Id. at* 72 ("I don't at this moment.") and 73 ("I am not one of those people who really plan . . . I don't know what [the future is] going to bring. . . I have a very serious family problem . . until I get through that, that is my foreseeable future." ).

work as a paralegal on cases involving Cooper Tire products, it has not submitted any evidence that she has shared any confidential material that she obtained in the present case.  The Court finds Pasbjerg has substantially complied with the First Contempt Order.

The Court turns next to the Second Contempt Order's compensatory sanction. Cooper Tire disputes the veracity of Pasbjerg's representations in her Motion and in her March 28, 2007 letter to this Court[22] that she cannot pay the compensatory sanction because she was leaving paralegal work to care for an ill relative.  In support, Cooper Tire submits a Protective Order of Confidentiality entered in another case in another district on March 23, 2007,[23] several days before the March 28, 2007, letter stating she was planning to move to Michigan to care for an ill relative.  The Court notes that the second paragraph of the March 28, 2008 letter makes clear that, whatever her earlier intentions, by the time of her letter, Pasbjerg intended to continue to work as a paralegal on Cooper Tire cases.[24]

The Court has considered all of Pasbjerg's submissions and finds that she has not established grounds to vacate the compensatory sanction.  When imposing the sanction, the Court found that Pasbjerg was in repeated and wilful contempt and that the sanction was necessary to compensate Cooper Tire for the costs it incurred as a result of her contempt.  Nothing in her subsequent submissions is grounds to change those findings.

---

[22]Docket No. 72. (Pasbjerg Letter reply dated March 28, 2007).

[23]Docket No. 77, Ex. D.

[24]*Id.* at 3 ("My presence in a case assures that plaintiffs are given fair access to relevant discovery . . . . It is my belief that Cooper Tire is seeking an excuse to keep me out of future cases in hopes that they can keep plaintiffs from getting all the information they need for their cases.").

Pasbjerg's own filings show that her financial situation is the result of her voluntary decisions to quit working as a paralegal for a period.  Her submissions regarding the timing and duration of that cessation of work have not been consistent.  Considering the entire history of Pasbjerg's actions, the Court finds that the imposition of the compensatory sanction was not inequitable.  The Court will deny the request to vacate the award of attorney fees and costs.

As to the thirty-day period to pay, the time has passed and it is not now possible for Pasbjerg to comply with that portion of the order.  The Court finds that this contempt proceeding is best concluded by directing entry of judgment against Pasbjerg and in favor of Cooper Tire in the amount of the award of attorney fees and costs.  This Court has the authority to include prejudgment interest on such amount.[25] While the Court finds that such an award of prejudgment interest would ordinarily be appropriate to compensate Cooper Tire for Pasbjerg's delay in timely paying the sanction awarded in its favor, the Court finds that equity precludes the award of prejudgment interest on the contempt sanction in the present case.  Upon entry of judgment the statutory post-judgment interest rate will automatically be imposed.

Finally, the Court notes that, absent a showing that Pasbjerg has disseminated Murrell documents, any issue between Cooper Tire and Pasbjerg in any other case is not properly addressed to this Court.

---

[25]*See Goya Foods, Inc. v. Wallack Mgmt. Co.*, 344 F.3d 16, (1st Cir. 2003) (finding district court "acted well within the scope of its authority" in electing to award prejudgment interest on sanction).

Based upon the foregoing, it is therefore

ORDERED that Pasbjerg's Motion for Entry of an Order Purging Contempt is GRANTED and the Court finds and orders that Pasbjerg has substantially complied with the First and Second Contempt Orders and IS PURGED OF CONTEMPT.  It is further

ORDERED that Pasbjerg's Motion to Rescind Portion of Contempt Order Requiring Payment of Cooper's Attorney Fees is DENIED.  It is further

ORDERED that Cooper Tire shall have judgment against Pasbjerg in the amount of $12,714.19 and post judgment interest thereafter at the legal rate.

DATED August 10, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge